ALVIRA G. SMITH *vs.* HORATIO SLOCOMB.

The title of the owner of land bounding upon a highway is presumed to extend to the cen tre of the way. But this presumption is rebutted by the production of a deed from which he derives his title, granting the land to the side of the way only.

The use, by the owner of land bounded on the side of a highway, of the land between his own and the travelled part of the way, by moving a wall, planting trees, cutting brush-wood and digging up the soil for fifteen years, gives no right to maintain an action of tort in the nature of trespass *quare clausum fregit,* for the interruption of such use and possession by another person.

In an action for breaking and entering the plaintiff's close, under an answer denying that the close belonged to the plaintiff or that the defendant entered it, the defendant may show that the plaintiff had only an easement in it.

ACTION OF TORT for breaking and entering the plaintiff's close in Sutton. The answer denied " that the close described in the plaintiff's writ belongs to the plaintiff," and that the " defendant ever entered the same."

At the trial in the court of common pleas at March term 1858, before *Morris*, J., it appeared that the place of the alleged trespass was a strip of land between the travelled part of the highway, and land of the plaintiff, conveyed to her by the defendant on the 2d of June 1843 by a deed which, as this court held after a previous trial, included no part of the highway. 9 Gray, 36. The plaintiff offered evidence to show that she had been in possession of the premises ever since that time, had removed part of the wall and bank by the roadside, and built a new wall, and in the space between the wall and the travelled part of the way had set out ornamental trees, placed wood and wagons, and dug and carried away earth ; and cut away bushes and weeds in another part of the same space, where for many years after she purchased the estate was a bar way, then the only entrance to it for teams ; and that the defendant in June 1855 entered upon this part and ploughed up and carried away loam therefrom.

The defendant offered evidence that the only ploughing and digging done by him was between the old wall and the travelled part of the way, and not at the bar way, or in front of the entrance to the dwelling-house. To the admission of this evidence the plaintiff objected ; but the court admitted it.

The defendant also offered evidence that before and since his deed to the plaintiff he had been accustomed from year to year, partly for the improvement of travel, and partly for his own benefit, to plough up and take the loam from the same place and carry it upon his own premises ; that what he thus took had naturally accumulated from the washing of the road, and that he had also cut the brush growing on the strip between the old wall and the road ; that he was not aware of any acts of possession upon this strip, by or on behalf of the plaintiff or any other person than himself or those acting by his direction ; and that he had never given up to any person the possession, which he had of this strip, before the deed to the plaintiff. To the introduction of this evidence the plaintiff objected, upon the grounds that it was irrelevant, and that no such defence was set up in the answer ; but the court admitted it.

This road was an ancient way, and neither party showed any record title thereto or any evidence of the laying out thereof.

The plaintiff asked the court to rule that the ownership and possession by the plaintiff of the land adjoining the public way raised the presumption that she owned or had the right of possession to the centre thereof, subject to the public easement. The court declined so to rule ; and ruled that the title and possession of the plaintiff in and to the land adjoining the side of the road afforded no presumption of any right of the plaintiff within the limits of the road, distinct from the public easement, unless it were a right of way to and from her own premises.

The plaintiff also asked the court to instruct the jury that if the plaintiff had a separate interest in the soil upon which the acts of the defendant were committed, necessary for the enjoyment of her estate adjoining the road, although the right of soil was not in her, if she was injured in the enjoyment of her said interest by the acts of the defendant, she could maintain her action. In answer to this request, the court instructed the jury that if the plaintiff had such an interest, it was an easement for the interruption of which the plaintiff might maintain an action, but not in the form of the present.

The plaintiff offered evidence tending to show that the defendant dug up a bar way, or drive way, within the limits of the road, which had formerly been used by the plaintiff for entering from the road upon her premises adjoining the same, and thereby obstructed her passage to said premises ; and asked the court to instruct the jury that this was an act for which the defendant would be liable in this action. The court declined so to instruct the jury ; and instructed them that the plaintiff's right to the use of such drive way was an easement for the obstruction of which the plaintiff could not maintain an action in this form.

The plaintiff asked the court to instruct the jury that if the defendant did the acts relied upon by him as showing a possession in himself, for the purpose of improving the public travel, they would not be evidence of such possession in the defendant. And the court instructed the jury that so far as said acts were performed for the purpose of rendering the road convenient for

travel, they would not avail the defendant as evidence to show a possession in himself, either exclusive or concurrently with the plaintiff; but so far as said acts were performed for purposes of private advantage, they were proper to be considered by the jury as acts tending to show a possession in the defendant.

The plaintiff further asked the court to instruct the jury that if the defendant without right entered upon the premises and did the acts relied upon by him, as tending to show his possession, then they would not be available for this purpose. But the court declined so to instruct the jury.

The plaintiff introduced evidence that the defendant placed his plough upon a part of the uninclosed door yard, out of the limits of the highway and then in the occupation of a tenant at will of the plaintiff, and left it standing there for a short time; but it did not appear that the surface of the ground, where the plough was placed, was at all disturbed by its being placed there, or that this act did any perceptible injury to the soil. The plaintiff asked the court to instruct the jury that if they were satisfied the defendant did this act, he would be liable in this action. But the court instructed the jury, that if· the place where the plough was placed was in the occupation of a tenant at will of the plaintiff, this was not such an act as would render the defendant liable to this action in favor of the plaintiff.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*F. H. Dewey & H. Williams,* for the plaintiff. The plaintiff's title and possession of land adjoining an ancient way, no record of the laying out of which was shown to exist, raised a presumption of title in the plaintiff to the centre of the way. *Rice* v. *County of Worcester,* Worcester, 1853.* 3 Kent Com.

---

* GEORGE T. RICE *vs.* COUNTY OF WORCESTER.

APPEAL from a judgment of the court of common pleas, accepting the verdict of a jury empanelled by the sheriff to assess damages sustained by the petitioner by the alteration of a county road, called Main Street, leading from Worcester to Leicester.

At the trial before the sheriff it appeared that the alteration consisted in the

Smith *v.* Slocomb.

(6th ed.) 432. Although the deed put in by the defendant granted to the plaintiff no part of the highway, still the question of title and possession was a fact to be submitted to the jury upon the whole evidence, including the presumption which such possession afforded.

One who has a separate interest in the soil for a particular use, although the right of soil is not in him, may maintain trespass if injured in the enjoyment of his particular use. *Clap* v. *Draper*, 4 Mass. 266. A person may have such a possession of land within the location of the highway, as to maintain trespass against a stranger. It is on this principle, that one having the title to such land may maintain trespass for taking the herbage,

---

discontinuance of a portion of the road, which bounded the land of the petitioner, so as to put the land of other persons between his land and the way as newly laid out; that the road discontinued was an ancient way, the origin of which was unknown; that the land on both sides of it was owned and occupied as parts of one farm until the 16th of July 1849, when Simon S. Gates, then owning the land on both sides, conveyed by deed of warranty to Oliver H. Blood, whose title the petitioner had, " a certain tract of land situated on the westerly side of Main Street " (described), " together with all my right and interest in one half of Main Street by any reversion thereof."

The sheriff, at the request of the petitioner, ruled that upon this evidence it would not be competent for the jury to infer that Gates had a title to the soil under the highway, or that the petitioner had a title to the use of the road, and that the jury would not be warranted in giving diminished damages on that account.

*P. C. Bacon & W. A. Williams,* for the respondents, cited Best on Presumptions, 240, 241; *Grose* v. *West,* 7 Taunt. 39; *Cooke* v. *Green,* 11 Price, 739; *Carter* v. *Murcot,* 4 Bur. 2162; *Parker* v. *Framingham,* 8 Met. 266; *Webber* v. *Eastern Railroad,* 2 Met. 150; *O'Linda* v. *Lothrop,* 21 Pick. 292; *Deerfield* v. *Arms,* 17 Pick. 41; *Parker* v. *Smith,* 17 Mass. 413; 3 Kent Com. (6th ed.) 428, 432.

*C. Allen & G. F. Hoar,* for the petitioner, cited *Fenner* v. *Sheldon,* 11 Met. 521; *Parker* v. *Framingham,* 8 Met. 260; *Webber* v. *Eastern Railroad,* 2 Met. 147; *Tyler* v. *Hammond,* 11 Pick. 193; *Alden* v. *Murdock,* 13 Mass. 256.

THE COURT held, that as Gates owned the land on both sides of the highway, and there was nothing to show the origin of the highway, it must be presumed that it was laid out by public authority, and that Gates, and the petitioner claiming title from him, had the fee in the soil, and the petitioner therefore had the fee in half the way.                                          *New trial ordered.*

Under the practice act only the substantive facts necessary to constitute the cause of action need be stated. *St.* 1852, *c.* 312, § 1. The plaintiff's declaration was therefore in proper form to embrace the cause of action for digging up the bar way and obstructing the passage to his estate. And the ruling that the plaintiff could not recover in this form of action for the interruption of the easement was incorrect.

The evidence offered by the defendant to disprove trespasses in front of the bar way and the entrance to the dwelling-house should have been excluded, as this defence was not open under the answer. *Knapp* v. *Slocomb*, 9 Gray, 73. *St.* 1852, *c.* 312, § 14.

The defendant showed no title in himself, but relied on certain acts tending to show a concurrent possession with the plaintiff. If he did those acts without right he was a trespasser, and they would not avail him for this purpose; and the judge should have so instructed the jury.

*H. Chapin & C. E. Pratt*, for the defendant.

THOMAS, J. That the plaintiff had not a fee in the land upon which the trespasses are alleged to have been committed, under the deed of the defendant to her, has already been determined by this court. *Smith* v. *Slocomb*, 9 Gray, 36. The introduction of the deed limiting the plaintiff's estate to the side of the highway distinguishes this case from *Rice* v. *Worcester*, relied on by the plaintiff. The presumption which would exist in the absence of evidence is removed by the production of the deed.

Though the evidence shows some use of the soil of the highway by the plaintiff, it utterly fails to show any such adverse or exclusive possession as would enable her to maintain trespass *quare clausum* against the defendant. Her possession was at the best but concurrent.

Having no fee in the soil under the deed, and having upon the evidence acquired none by adverse possession, her right in the premises was a right of way, an easement. For the interruption of that easement this action of trespass *quare clausum* will not lie.

These defences were open upon the answer. The defendant denied that the close belonged to the plaintiff. He might show

this by the construction of the deed, or, if she claimed title by exclusive and adverse possession, he might show that in point of fact he had concurrent possession, and that her possession was not exclusive.

These points dispose of the cause; but in looking at the several rulings of which the plaintiff complains, they seem to us open to no just exception. The rulings, with the exception of the last, but recognize and affirm the plain principles before stated. The last was not pressed by the learned counsel, for clearly no injury was done by placing the plough of the defendant in the door yard of the estate then in the possession of the plaintiff's tenant, for which she as the reversioner could main-tain trespass.                                    *Exceptions overruled.*